## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1891 | **DATE** | April 8, 1008 |
| **CASE TITLE** | *Webster Bank v. Ranvik* | | |

**DOCKET ENTRY TEXT:**

The complaint is dismissed without prejudice as it fails to adequately establish diversity jurisdiction. Any amended complaint must address the issues identified in this order and be filed by April 28, 2008.

■ [ For further details see text below.]

## STATEMENT

    The plaintiff's complaint invokes diversity of citizenship grounds. *See* 28 U.S.C. § 1332. The court has reviewed the jurisdictional allegations in the complaint pursuant to *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("the first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged").

    The complaint alleges that the plaintiff national bank's principal place of business is in Connecticut and that the defendant is a resident of Illinois. These allegations fail to establish that the parties are indeed diverse. First, for the purposes of 28 U.S.C.A. § 1348, which indicates that national banking associations should be deemed "citizens of the States in which they are respectively located," a national bank is located in, and thus a citizen of, the state designated in its articles of association as locus of its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006); *see also Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 992 (7th Cir. 2001) (considering location of the bank's principal place of business and the state listed in its organization certificate). To evaluate the complaint's allegation that the plaintiff bank is a citizen of Connecticut, the court thus also needs to know what state is listed in its articles of incorporation.

    Second, citizenship, not residency, is what matters for diversity jurisdiction, so "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit." *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996). The allegations regarding the defendant's residency are thus insufficient.

    Accordingly, the complaint is dismissed without prejudice as it fails to adequately establish diversity jurisdiction. Any amended complaint must address the issues identified in this order and be filed by April 28, 2008.

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|